## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**RUTH ANNE LICHTER,**
**Individually and as Special Administrator**
**for The Estate of Timothy E. Lichter,**

          **Plaintiff,**

**v.**

**MERCK & CO., INC., PFIZER INC., and**
**PHARMACIA CORPORATION,**

          **Defendants.**

Case No.: 2:07-cv-00477-RTR

**Jury Trial Demanded**

---

### DEFENDANTS PFIZER INC. AND PHARMACIA CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT

---

NOW COME Defendants Pfizer Inc. ("Pfizer") and Pharmacia Corporation ("Pharmacia") (collectively "Defendants") and file this their Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.
### ORIGINAL ANSWER

#### Response to Allegations Regarding Parties

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff Ruth Ann Lichter ("Plaintiff") is the Special Administrator of the Estate of Timothy E. Lichter and whether Timothy E. Lichter ("Decedent") died in Wisconsin on May 29, 2004, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

citizenship and whether Plaintiff is the Special Administrator of the Estate of Timothy E. Lichter, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff is the Special Administrator of the Estate of Timothy E. Lichter and whether Plaintiff was granted Letters of Administration by the Circuit Court of Racine County, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff was the spouse of Decedent and whether Plaintiff has standing to bring this suit, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.

6.      Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.

7.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants deny the remaining allegations in this paragraph of the Complaint.

8.      Defendants admit that Pfizer is registered to business in the State of New Jersey and the State of Wisconsin. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

deny the remaining allegations in this paragraph of the Complaint.

9.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia is registered to and does business in the State of Wisconsin.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

## Response to Allegations Regarding Jurisdiction and Venue

11.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

12.     Defendants are without knowledge sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose, and, therefore, deny that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Defendants further deny committing a tort within the State of Wisconsin and deny the remaining allegations in this paragraph of the Complaint.

## Response to Factual Allegations

13.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

14.     Defendants state that the allegations in this paragraph of the Complaint are not directed

toward Defendants and, therefore, no response is required.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and Decedent's date of death, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

17-122.  Defendants state that the allegations in Paragraphs 17-122 of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in Paragraphs 17-122 of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

123.      Defendants state that the allegations in this of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  Defendants admit that G.D. Searle LLC ("Searle") filed an Investigational New Drug Application ("IND") for Bextra® with the Food and Drug Administration ("FDA") in December of 1996.  Defendants admit that Bextra® was approved by the FDA on November 16, 2001, for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that Bextra® is in a class of drugs that are, at times, referred to as being a non-steroidal anti-inflammatory ("NSAID") drugs.  Defendants admit that Pharmacia

acquired Searle in 2000 and that, as a result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this paragraph of the Complaint.

124. Defendants admit that Searle & Hereth Company was founded in 1888. Defendants admit that, in 1908, G.D. Searle and Co. was incorporated in Chicago, Illinois. Defendants admit that G.D. Searle and Co. became the pharmaceutical unit of Monsanto Company in 1985. Defendants admit that, in 1995, Pharmacia & Upjohn Company was formed through the merger of Pharmacia AB and The Upjohn Company. Defendants admit that, as a result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. Defendants deny the remaining allegations in this paragraph of the Complaint.

125. Defendants admit as a result of a merger in 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this paragraph of the Complaint.

126. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

127.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

128.    Defendants state that the allegations in this of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants admit that a labeling revision for Bextra® was approved by the FDA on November 24, 2004, and that the revised label was implemented on December 9, 2004. Pfizer Defendants respectfully refer the Court to the revised Bextra® label for its actual language and full text. Any attempt to characterize the label is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants state that the referenced FDA Talk Paper speaks for itself and respectfully refer the Court to the FDA Talk Paper for its actual language and text. Any attempt to characterize the FDA Talk Paper is denied. Defendants deny the remaining allegations in this

paragraph of the Complaint, including all subparts.

131.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

133.    Defendants admit that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005. Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants the allegations in this paragraph of the Complaint.

137. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any

wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

## **Response to First Cause of Action: Strict Products Liability (Merck)**

140.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

141.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

142.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

143.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

144.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

145.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

146.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

147.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

148.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

149.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

150.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

151.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

152.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

153.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

154.    Defendants state that the allegations in this paragraph of the Complaint regarding Merck are not directed toward Defendants, and, therefore, no response is required.

Answering the unnumbered paragraph following Paragraph 154 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

**Response to Second Cause of Action: Negligence (Merck)**

155.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Complaint as if fully set forth herein.

156.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

157.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

158.    Defendants state that the allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants, and, therefore, no response is required.

Answering the unnumbered paragraph following Paragraph 158 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

## Response to Third Cause of Action: Breach of Warranty (Merck)

159.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

160.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

161.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

162.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

163.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

164.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

165.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

166.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

167.    Defendants state that the allegations in this paragraph of the Complaint regarding Merck are not directed toward Defendants, and, therefore, no response is required.

Answering the unnumbered paragraph following Paragraph 167 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

### Response to Fourth Cause of Action: Consumer Fraud (Merck)

168.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

169.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

170.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

171.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

172.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

173.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

174.    Defendants state that the allegations in this paragraph of the Complaint are not directed

toward Defendants, and, therefore, no response is required.

175.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

176.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

177.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

178.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

179.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

180.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

181.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

182.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

183.    Defendants state that the allegations in this paragraph of the Complaint regarding Merck are not directed toward Defendants, and, therefore, no response is required.

Answering the unnumbered paragraph following Paragraph 183 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

**Response to Fifth Cause of Action: Punitive Damages (Merck)**

184.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

185.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

186.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

187.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

Answering the unnumbered paragraph following Paragraph 187 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

**Response to Sixth Cause of Action: Strict Products Liability (Pfizer and Pharmacia)**

188.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

189.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

allegations in this paragraph of the Complaint.

190.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

193.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.

Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

194.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

195.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all

times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

198.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

199.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

200.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

201. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

202. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

203. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

204.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

205.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 205 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Negligence (Pfizer and Pharmacia)**

206.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

207.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

208.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which

was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

209.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 209 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Breach of Warranty (Pfizer and Pharmacia)**

210.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

211.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

212.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.

Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

213.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

214.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

215.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state

that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

216.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information for Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

217.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

218.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 218 of the Complaint,

Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Ninth Cause of Action: Consumer Fraud (Pfizer and Pharmacia)

219.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

220.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

221.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

222.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

223.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

224.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

225.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

226.   Defendants state that this paragraph of the Complaint contains legal contentions to which

no response is required. To the extent that a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

227.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

228.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

229.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the

Complaint.

230.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

231.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

232.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

233.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

234.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 234 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Tenth Cause of Action: Punitive Damages (Pfizer and Pharmacia)

235.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

236.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

237.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

238.    Defendants state that Bextra® was and is safe and effective when used in accordance

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 238 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Eleventh Cause of Action: Wrongful Death (All Defendants)

239.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

240.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 240 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Twelfth Cause of Action: Survival (All Defendants)

241.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

242.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

243.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 244 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Plaintiff's Request for Relief

Answering the unnumbered paragraph of the Complaint headed "Relief Requested Against All Defendants", Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.
### GENERAL DENIAL

Defendants deny the allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Seventh Defense

7.      Plaintiff's claims against Defendants are barred to the extent Plaintiff and/or Decedent was contributorily negligent or actively negligent, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part

of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.

## Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

## Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to the Plaintiff or Decedent.

## Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Decedent's treating and prescribing physicians.

## Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

## Fifteenth Defense

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

## Sixteenth Defense

16.     Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

## Seventeenth Defense

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

## Eighteenth Defense

18.     Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

## Ninetieth Defense

19.     Plaintiff's claims against Defendants are barred to the extent Plaintiff and/or Decedent was failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of

Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Wisconsin, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

Fourteenth Amendments to the United States Constitution and are subject to all provisions of Wisconsin law.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Wisconsin.    Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)   permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993);

*BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff or Decedent.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra®

outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

United States.

### Fifty-fourth Defense

54.    Defendants reserve the right to supplement their assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### V.
### JURY DEMAND

Defendants hereby demand a trial by jury.

### VI.
### PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing by her suit; that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which it may be justly entitled.

Dated at Milwaukee, Wisconsin:
June 26, 2007.

PETERSON, JOHNSON & MURRAY, S.C.

*/s/ Attorney James T. Murray, Jr.*
James T. Murray, Jr.
Attorney Bar No. 01016026
733 North Van Buren Street
Milwaukee, Wisconsin 5320204792
Telephone: (414) 278-8800
Facsimile: (414) 278-0920
E-mail: jmurray@pjmlaw.com

*Attorneys for Defendants Pfizer Inc. and
Pharmacia Corporation*