UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUTH ANNE LICHTER, INDIVIDUALLY AND
AS SPECIAL ADMINITRATOR OF THE
ESTATE OF TIMOTHY E. LICHTER,

    Plaintiff,

    v.

MERCK & CO., INC., PFPIZER, INC. and
PHARMACIA CORPORATION,

    Defendants.

**No.:  07-CV-00477**

**Answer and Jury Demand of
Defendant Merck & Co., Inc.**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers

the Complaint herein as follows:

## PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth or

    falsity of the allegations set forth in paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth or

    falsity of the allegations set forth in paragraph 2 of the Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth or

    falsity of the allegations set forth in paragraph 3 of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth or

    falsity of the allegations set forth in paragraph 4 of the Complaint.

5.    Merck admits that it is a New Jersey corporation with its principal place of

    business at One Merck Drive, Whitehouse Station, New Jersey.

6.    Merck denies each and every allegation set forth in paragraph 6 of the Complaint,

    except admits that it is a leading research driven pharmaceutical products and

services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, and that Merck is authorized to do business in Wisconsin.  Merck further avers that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

## II.    JURISDICTION AND VENUE

11.    The allegations set forth in paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that the parties are diverse and that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

12.    The allegations set forth in paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

### III.  FACTUAL BACKGROUND

13.    With respect to the allegations set forth in paragraph 13 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force in effect as though set forth here in full.

14.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint.

### A.  VIOXX

#### 1.  Merck's Decision to Bet Its Future on Vioxx

17.    Denies each and every allegation set forth in paragraph 17 of the Complaint.

18.    Denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that Raymond Gilmartin became Merck's President and CEO in 1994, and that Raymond Gilmartin attended Harvard Business School, and states that plaintiff purports to quote a statement, and respectfully refers the Court to that statement for its actual language in full context.

19.    Denies each and every allegation set forth in paragraph 19 of the Complaint.

20.    Denies each and every allegation set forth in paragraph 20 of the Complaint.

21.    Denies each and every allegation set forth in paragraph 21 of the Complaint.

22.    Denies each and every allegation set forth in paragraph 22 of the Complaint.

23.    Denies each and every allegation set forth in paragraph 23 of the Complaint.

### 2.  The Discovery of COX-2 Inhibitors and Vioxx

24.    Denies each and every allegation set forth in the first sentence of paragraph 24 of
the Complaint except admits that the prescription medicine Vioxx reduces pain
and inflammation and admits that Vioxx is part of a class of medicines known as
non-steroidal anti-inflammatory medications ("NSAIDs").  The allegations set
forth in the second sentence of the paragraph 24 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck admits Vioxx reduces pain and inflammation and that the mechanism of
action is believed to be due to the inhibition of prostaglandin synthesis via
inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck admits
that Vioxx is a selective COX-2 inhibitor.

25.    Denies each and every allegation set forth in paragraph 25 of the Complaint,
except admits that alternative therapies for the relief of pain and inflammation
exist.

26.    The allegations set forth in paragraph 26 of the Complaint are not directed toward
Merck and therefore no response is required.  If a response is required, Merck
denies each and every allegation set forth in paragraph 26 of the Complaint,

except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional nonselective NSAIDs, such as Naproxsyn, is believed to be associated with gastric damage and increased bleeding among patients taking such traditional nonselective NSAIDs.

27. Denies each and every allegation set forth in paragraph 27 of the Complaint, except admits that Merck scientists began research on Cox-2 inhibitors in the early 1990s.

28. Denies each and every allegation set forth in paragraph 28 of the Complaint, except admits that employees of Merck Frost Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

29. Denies each and every allegation set forth in paragraph 29 of the Complaint, except admits that in December 1994 Merck submitted an IND application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

### 3. Merck's Knowledge of Vioxx Problems

30. Denies each and every allegation set forth in paragraph 30 of the Complaint, except avers that it is believed that the inhibition of COX-1 has been associated with gastric damage and increased bleeding among patients taking nonselective NSAIDs. Merck admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

31.     Denies each and every allegation set forth in paragraph 31 of the Complaint, except admits that the plaintiff purports to quote portions of the referenced statements, but avers that the quoted language is taken out of context, and respectfully refers the Court to the referenced statements for their actual language and full context.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Denies each and every allegation set forth in paragraph 35 of the Complaint, except admits that plaintiff purports to quote a document, denies that plaintiff accurately quotes that document, and respectfully refers this Court to the document for its actual content and full context.

36.     Denies each and every allegation set forth in paragraph 36 of the Complaint, except admits that plaintiff purports to reference a statement, and respectfully refers the Court to the statement for its actual language and full context.

37.     Denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     Denies each and every allegation set forth in paragraph 38 of the Complaint except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in Vioxx clinical trials in a systematic manner. Merck respectfully refers the Court to the referenced document for its actual language and full text.

39.    Denies each and every allegation set forth in paragraph 39 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full context.

40.    Denies each and every allegation set forth in the first two sentences of paragraph 40 of the Complaint.   Denies each and every allegation set forth in the third sentence of paragraph 40 of the Complaint, except admits that plaintiff purports to describe a public statement by Merck and respectfully refers the Court to the referenced statement for its actual language and full context.

41.    Denies each and every allegation set forth in paragraph 41 of the Complaint, except states that plaintiff purports to quote a document and respectfully refers this Court to the referenced document for its actual language and full context.

42.    Denies each and every allegation set forth in paragraph 42 of the Complaint.

43.    Denies each and every allegation set forth in paragraph 43 of the Complaint.

44.    Denies each and every allegation in paragraph 44 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

45.    Denies each and every allegation set forth in paragraph 45 of the Complaint, except admits that plaintiff purports to characterize and quote statements from an unidentified industry analyst, states that Merck denies knowledge or information sufficient to form a belief as to whether the analyst made the statements, denies the substance of the statements and respectfully refers the Court to the referenced statements for their actual language and full context.

46.    The allegations set forth in paragraph 46 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

47.   Denies each and every allegation set forth in paragraph 47 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

48.   Denies each and every allegation set forth in paragraph 48 of the Complaint except avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.

49.   Denies each and every allegation set forth in paragraph 49 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual language and full text.

50.   Denies each and every allegation set forth in paragraph 50 of the Complaint.

51.   Denies each and every allegation set forth in paragraph 51 of the Complaint, except admits that plaintiff purports to describe an FDA meeting that is a matter of public record and to quote statements by industry analysts, and respectfully refers this Court to the public record and the referenced statements for their actual content and full context.

52.   Merck denies each and every allegation set forth in Paragraph 52 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and

respectfully refers the Court to the relevant prescribing information for its actual language and full text.

53. Denies each and every allegation set forth in paragraph 53 of the Complaint, except admits that plaintiff purports to quote from a document, and respectfully refers the Court to the referenced document for its actual language and full text.

54. Denies each and every allegation in paragraph 54 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

55. Denies each and every allegation set forth in paragraph 55 of the Complaint.

56. Denies each and every allegation set forth in paragraph 56 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which plaintiff purports to quote, and respectfully refers the Court to the referenced letter for its actual language and full text.

57. Denies each and every allegation set forth in paragraph 57 of the Complaint.

58. Denies each and every allegation set forth in paragraph 58 of the Complaint.

59. Denies each and every allegation set forth in paragraph 59 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further avers that it provided preliminary results of the VIGOR study to the FDA in March 2000.

60.  Denies each and every allegation set forth in paragraph 60 of the Complaint except admits that Plaintiff purport to quote portions of statements but avers that said statements are taken out of context.

61.  Denies each and every allegation set forth in paragraph 61 of the Complaint, except admits that plaintiff purports to quote statements attributed to Alise Reicin and state that they are without information or knowledge sufficient to form a belief as to the truth of that attribution or the accuracy of the quotations.

62.  Denies each and every allegation set forth in paragraph 62 of the Complaint, except admits the referenced press release and study exist, and respectfully refers the Court to the referenced press release and study for their actual language and full text.

63.  Denies each and every allegation set forth in paragraph 63 of the Complaint, except admits the referenced study, article, and editorial exist, and respectfully refers the Court to said documents for their actual conclusions and full text.

64.  Denies each and every allegation set forth in the first two sentences of paragraph 64 of the Complaint.  Denies knowledge or information sufficient to form a belief as to the third sentence in paragraph 64 of the Complaint.

65.  Denies each and every allegation set forth in paragraph 65 of the Complaint except admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the email for its actual text.

66.  Denies each and every allegation set forth in paragraph 66 of the Complaint, avers that the review document referenced by plaintiff in the second sentence of

paragraph 66 exists, and respectfully refers to the Court to the referenced document for its actual language and full text.

67. Denies each and every allegation set forth in paragraph 67 of the Complaint.

68. Merck denies each and every allegation in paragraph 68 of the Complaint except admits that plaintiff refers to an article and respectfully refers the Court to said article for its actual language and full text. Merck further avers that the price at which its stock traded on the open market is a matter of public record and refers the Court to such public sources.

69. Merck denies each and every allegation set forth in paragraph 69 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full text.

70. Denies each and every allegation set forth in paragraph 70 of the Complaint.

71. Denies each and every allegation set forth in paragraph 71 of the Complaint, except admits that the referenced articles exist, and respectfully refers the court to said articles for their actual language and full context.

72. Denies each and every allegation set forth in paragraph 72 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full text.

73. Denies each and every allegation set forth in paragraph 73 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full text.

74. Denies each and every allegation set forth in paragraph 74 of the Complaint.

75.   Denies each and every allegation set forth in paragraph 75 of the Complaint, except admits plaintiff purports to characterize and quote statements contained in e-mail messages and that the referenced e-mail messages exist, avers that the statements are mischaracterized and taken out of context, and respectfully refers the Court to the referenced e-mail messages for their actual language and full context.

76.   Denies each and every allegation set forth in paragraph 76 of the Complaint.

77.   Denies each and every allegation set forth in paragraph 77 of the Complaint except admits that the referenced presentation exists and respectfully refers the Court to said presentation for its actual language and full text.

78.   Denies each and every allegation set forth in paragraph 78 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study, which clearly showed an advantage for Vioxx over naproxen with respect to gastrointestinal safety. Merck further avers that, in June 2000 Merck filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced study and sNDA for their actual language and full text.

79.   Denies each and every allegation set forth in paragraph 79 of the Complaint, except admits that the referenced studies exist and that the referenced data were submitted to the FDA, and respectfully refers the Court to said studies and data for their actual findings.

80.   Denies each and every allegation in paragraph 80 of the Complaint except admits that the referenced article exists and that Plaintiff purports to quote portions of

said article, but respectfully refers the Court to the referenced article for its actual language and full text.

81.     Denies each and every allegation set forth in paragraph 81 of the Complaint, except admits that plaintiff purports to characterize opinions and accounts of events expressed by Dr. Eric Topol, and respectfully refers this Court to any published reports of such opinions and accounts for their actual content and full context.

82.     Denies each and every allegation set forth in paragraph 82 of the Complaint, except admits the referenced document exists, and respectfully refers the Court to that document for its actual language and full text.

83.     Denies each and every allegation set forth in paragraph 83 of the Complaint, except states that the prices of Merck stock are matters of public record, and respectfully refers the Court to such public records.

84.     Denies each and every allegation set forth in paragraph 84 of the Complaint, except admits that worldwide Vioxx sales figures exceed $2 billion in the year 2000.

85.     Denies each and every allegation set forth in paragraph 85 of the Complaint, except admits that the patents on several Merck drugs expired in 2000 and 2001 and that plaintiff purports to characterize and quote statements of unspecified analysts, and respectfully refers the Court to those statements for their actual language and full context.

86.     Denies each and every allegation set forth in paragraph 86 of the Complaint, except admits that the FDA Arthritis Advisory Committee met in 2001 and that

the referenced briefing documents exist and respectfully refers the Court to the transcript of the referenced meeting and the referenced briefing document for their actual language and full context.

87. Denies each and every allegation set forth in paragraph 87 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

88. Denies each and every allegation set forth in paragraph 88 of the Complaint, except admits that Merck issued a press release on June 22, 2001, and respectfully refers the Court to the referenced press release for its actual language and full context. Merck further states that the prices of Merck stock are matters of public record, and respectfully refers the Court to such public records.

89. Denies each and every allegation set forth in paragraph 89 of the Complaint except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

90. Denies each and every allegation set forth in paragraph 90 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

91. Denies each and every allegation set forth in paragraph 91 of the Complaint, except admits the existence of the journal and the article contained therein, and

respectfully refers the Court to the referenced document for its actual language and full text.

92.     Denies each and every allegation set forth in paragraph 92 of the Complaint, except admits that the referenced article, press release and "Dear Doctor" letter exist and respectfully refers the Court to the referenced documents for their actual language and full text.

93.     Denies each and every allegation set forth in paragraph 93 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

94.     Denies each and every allegation set forth in paragraph 94 of the Complaint.

95.     Denies each and every allegation set forth in paragraph 95 of the Complaint.

96.     Denies each and every allegation set forth in paragraph 96 of the Complaint, except admits that the FDA sent Merck a labeling proposal on October 15, 2001. Merck respectfully refers the Court to said proposal for its actual language and full text.

97.     The allegations set forth in the second sentence of paragraph 97 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Merck denies each and every allegation set forth in the second sentence of paragraph 97. Merck denies the remaining allegations set forth in paragraph 97, except admits that Merck and the FDA engaged in labeling discussions from October 2001 until April 2002.

98.    Denies each and every allegation set forth in paragraph 98 of the Complaint, except admits that plaintiff purports to characterize and quote the referenced article, and that the referenced article exists, and respectfully refers the Court to that article for its actual language and full context.

99.    Denies each and every allegation set forth in paragraph 99 of the Complaint, except admits that plaintiff purports to characterize and quote the referenced public statements, and respectfully refers the Court to those public statements for their actual language and full context.

100.    Denies each and every allegation set forth in paragraph 100 of the Complaint.

101.    Denies each and every allegation set forth in paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in paragraph 102 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

103.    Merck denies each and every averment in paragraph 103 of the Complaint, except it admits that the referenced publication and article contained therein exist, and it respectfully refers the Court to the referenced document, Ray W.A., et al., "Cox-2 Selective Non-steroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Study," Lancet 2002 Jan 12;359:118-123, for its actual conclusions and full text.

104.    Denies each and every allegation set forth in paragraph 104 of the Complaint, except admits the study and presentation referenced in the first sentence and the

publication referenced in the third sentence exist, and respectfully refers the Court to that study, presentation and publication for their actual language and full text.

105.    Denies each and every allegation set forth in paragraph 105 of the Complaint, except admits plaintiff appears to quote certain statements that were published in a Wall Street Journal article, but respectfully refers the Court to that article for its actual language and full context.

106.    Denies each and every allegation set forth in paragraph 106 of the Complaint, except admits that Dr. Cannuscio initially participated in the referenced study, and was not an author of "Relationship Between Selective Cyclooxygenase-2 Inhibitors and Acute Myocardial Infraction in Older Adults."

107.    Denies each and every allegation set forth in paragraph 107 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the article for the actual language and full text.

108.    Denies each and every allegation set forth in paragraph 108 of the Complaint, except admits that Merck received preliminary results of a study in or about November 2003, and respectfully refer the Court to the final data from the study, which became available in September 2004, for its actual conclusions and full context.

109.    Denies each and every allegation set forth in paragraph 109 of the Complaint, except admit that plaintiff purports to characterize the referenced analysis, and respectfully refers the Court that analysis for its actual conclusions and full context.

110.  Denies each and every allegation set forth in paragraph 110 of the Complaint,
      except admits that the referenced presentation and study exist and respectfully
      refers the Court to said presentation and study for their actual language and full
      text.

111.  Denies each and every allegation set forth in paragraph 111 of the Complaint
      except admits the referenced press release exists and respectfully refers the Court
      to that press release for its actual language and full text.

### 4.  Merck's Decision to Withdraw Vioxx

112.  Denies each and every allegation set forth in paragraph 112 of the Complaint,
      except admits that on September 23, 2004, Merck was informed that the External
      Safety Monitoring Board ("ESMB") had recommended that the APPROVe study
      be stopped.

113.  Denies each and every allegation set forth in paragraph 113 of the Complaint,
      except admits that the study referenced in paragraph 113 exists and respectfully
      refers the Court to said study for its actual language and full text.

114.  Denies each and every allegation set forth in paragraph 114 of the Complaint
      except admits that Plaintiff purport to quote portions of a document but avers that
      said language is taken out of context and respectfully refers the Court to the
      referenced document for its actual language and full text. Merck further avers that
      the referenced trial was halted in September 2004.

115.  Denies each and every allegation set forth in paragraph 115 of the Complaint,
      except admits that plaintiff purports to characterize and quote the referenced

statements, and respectfully refers the Court to those statements for their actual language and full context.

116.    Denies each and every allegation set forth in paragraph 116 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted. Merck further admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

117.    Denies each and every allegation set forth in paragraph 117 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

118.    Denies each and every allegation set forth in paragraph 118 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

119.    Denies each and every allegation set forth in paragraph 119 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

120.    Denies each and every allegation set forth in paragraph 120 of the Complaint, except admits that the plaintiff purports to describe prices of Merck stock and that

such prices are matter of public record, and respectfully refers the Court to such public records.

121.    Denies each and every allegation set forth in paragraph 121 of the Complaint, except admits that plaintiff purports to describe statements by Bond Rating Services that are matter of public record, and respectfully refers the Court to the referenced statements.

122.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 122 of the Complaint.  Denies each and every allegation set forth in the second and third sentences of paragraph 122 of the Complaint, except admits that plaintiff purports to describe prices of Merck stock and that such prices are matter of public record, and respectfully refers the Court to such public records.

### B.  BEXTRA

123.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 123 of the Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 124 of the Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 125 of the Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 126 of the Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 127 of the Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 128 of the Complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 129 of the Complaint.

130.    Denies each and every allegation set forth in paragraph 130 of the Complaint except admits that the referenced public health advisory exists and respectfully refers the Court to said advisory for its actual language and full text.

131.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 131 of the Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 133 of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 134 of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 135 of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 137 of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 138 of the Complaint.

139.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 139 of the Complaint.

### IV. CAUSES OF ACTION

### COUNT I
### PLAINTIFF V. DEFENDANT MERCK & CO, INC.
### STRICT PRODUCT LIABILITY CLAIM

140.   With respect to the allegations set forth in paragraph 140 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force in effect as though set forth here in full.

141.   Merck denies each and every allegation set forth in paragraph 141 of the Complaint, except admits that it manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

142.   Denies each and every allegation set forth in paragraph 142 of the Complaint.

143.   Denies each and every allegation set forth in paragraph 143 of the Complaint.

144.   Denies each and every allegation set forth in the first sentence of paragraph 144 of the Complaint.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 144 of the Complaint, and in the alternative denies same.

145.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 145 of the Complaint, and denies each and every remaining allegation set forth in that paragraph.

146.    Denies each and every allegation set forth in paragraph 146 of the Complaint.

147.    Denies each and every allegation set forth in paragraph 147 of the Complaint.

148.    The allegations set forth in paragraph 148 of the Complaint are legal conclusions
        as to which no responsive pleading is required.  Should a response be deemed
        required, Merck denies each and every allegation set forth in said paragraph,
        except admits that it  manufactured, marketed and distributed the prescription
        medicine Vioxx until the voluntary withdrawal of Vioxx from the worldwide
        market on September 30, 2004.  Merck respectfully refers the Court to the
        relevant legal standard, including any conflict of laws rules.

149.    Merck denies each and every allegation set forth in paragraph 149 of the
        Complaint, and respectfully refers the court to the relevant FDA-approved
        prescribing information for Vioxx for its actual language in full text.

150.    Denies each and every allegation set forth in paragraph 150 of the Complaint.

151.    Denies each and every allegation set forth in paragraph 151 of the Complaint.

152.    Denies each and every allegation set forth in paragraph 152 of the Complaint.

153.    Denies each and every allegation set forth in paragraph 153 of the Complaint.

154.    Denies each and every allegation set forth in paragraph 154 of the Complaint.

COUNT II
PLAINTIFF V. DEFENDANT MERCK & CO., INC.
NEGLIGENCE

155.    With respect to the allegations set forth in paragraph 155 of the Complaint, Merck
        repeats and realleges each and every admission, denial, averment, and statement
        contained in this Answer with the same force and effect as though set forth here in
        full.

156.    The allegations set forth in paragraph 156 of the Complaint are legal conclusions to which no responsive pleading is required.    Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 156 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

157.    Denies each and every allegation set forth in paragraph 157 of the Complaint.

158.    Denies each and every allegation set forth in paragraph 158 of the Complaint.

COUNT III<br>PLAINTIFF V. DEFENDANT MERCK & CO., INC.<br>BREACH OF WARRANTY

159.    With respect to the allegations set forth in paragraph 159 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

160.    Denies each and every allegation set forth in paragraph 160 of the Complaint, except admits that Merck distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

161.    The allegations set forth in paragraph 161 of the Complaint are legal conclusions as to which no responsive pleading is required.    Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph 161 of the Complaint, including subparagraphs (a) through (c), and respectfully refers the Court to the relevant law governing plaintiff's negligence claims, including any conflict of laws rules.

162.    Denies each and every allegation set forth in paragraph 162 of the Complaint.

163.  Denies each and every allegation set forth in paragraph 163 of the Complaint.

164.  The allegations set forth in the first sentence of paragraph 164 of the Complaint
are legal conclusions as to which no response is required.  Should a response be
deemed required, Merck denies each and every allegation set forth in the first
sentence of paragraph 164 of the Complaint, and respectfully refers the Court to
the relevant legal standard, including any conflict of laws rules.  Merck denies
each and every allegation set forth in the second and third sentences of paragraph
164 of the Complaint.

165.  Denies each and every allegation set forth in paragraph 165 of the Complaint.

166.  Denies each and every allegation set forth in paragraph 166 of the Complaint.

167.  Denies each and every allegation set forth in paragraph 167 of the Complaint.

COUNT IV<br>PLAINTIFF V. DEFENDANT MERCK & CO., INC.<br>CONSUMER FRAUD

168.  With respect to the allegations set forth in paragraph 168 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment, and statement
contained in this Answer with the same force and effect as though set forth here in
full.

169.  Denies each and every allegation set forth in paragraph 169 of the Complaint,
except admits that Merck manufactured, marketed and distributed the prescription
medicine Vioxx.

170.  Denies each and every allegation set forth in paragraph 170 of the Complaint.

171.  Denies each and every allegation set forth in paragraph 171 of the Complaint.

172.  Denies each and every allegation set forth in paragraph 172 of the Complaint.

173. Denies each and every allegation set forth in paragraph 173 of the Complaint.

174. Denies each and every allegation set forth in paragraph 174 except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether plaintiff was prescribed the prescription medicine Vioxx.

175. Denies each and every allegation set forth in paragraph 175 of the Complaint.

176. Denies each and every allegation set forth in paragraph 176 of the Complaint.

177. Denies each and every allegation set forth in paragraph 177 of the Complaint.

178. Denies each and every allegation set forth in paragraph 178 of the Complaint.

179. Denies each and every allegation set forth in paragraph 179 of the Complaint.

180. Denies each and every allegation set forth in paragraph 180 of the Complaint.

181. Denies each and every allegation set forth in paragraph 181 of the Complaint.

182. Denies each and every allegation set forth in paragraph 182 of the Complaint.

183. Denies each and every allegation set forth in paragraph 183 of the Complaint.

COUNT V
PLAINTIFF V. DEFENDANT MERCK & CO., INC.
PUNITIVE DAMAGES

184. With respect to the allegations set forth in paragraph 184 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

185. The allegations of paragraph 185 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 185 of the Complaint,

except admits that plaintiff purports to seek punitive damages, but denies there is any legal or factual basis for such relief.

186.    Denies each and every allegation set forth in paragraph 186 of the Complaint.

187.    Denies each and every allegation set forth in paragraph 187 of the Complaint.

COUNT VI
PLAINTIFF V. PFIZER INC., and PHARMACIA CORPORATION
STRICT PRODUCT LIABILITY CLAIM

188.    With respect to the allegations set forth in paragraph 188 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

189.    The allegations set forth in paragraph 189 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 189 of the Complaint.

190.    The allegations set forth in paragraph 190 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 190 of the Complaint.

191.    The allegations set forth in paragraph 191 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 191 of the Complaint.

192.    The allegations set forth in paragraph 192 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 192 of the Complaint.

193.    The allegations set forth in paragraph 193 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 193 of the Complaint.

194.    The allegations set forth in paragraph 194 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 194 of the Complaint.

195.    The allegations set forth in paragraph 195 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 195 of the Complaint.

196.    The allegations set forth in paragraph 196 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 196 of the Complaint.

197.    The allegations set forth in paragraph 197 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required,

Merck denies each and every allegation set forth in paragraph 197 of the Complaint.

198. The allegations set forth in paragraph 198 of the Complaint are not directed toward Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 198 of the Complaint.

199. The allegations set forth in paragraph 199 of the Complaint are not directed toward Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 199 of the Complaint.

200. The allegations set forth in paragraph 200 of the Complaint are not directed toward Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 200 of the Complaint.

201. The allegations set forth in paragraph 201 of the Complaint are not directed toward Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 201 of the Complaint.

202. The allegations set forth in paragraph 202 of the Complaint are not directed toward Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 202 of the Complaint.

203.    The allegations set forth in paragraph 203 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 203 of the Complaint.

204.    The allegations set forth in paragraph 204 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 204 of the Complaint.

205.    The allegations set forth in paragraph 205 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 205 of the Complaint.

<u>COUNT VII</u>
<u>PLAINTIFF V. PFIZER INC., and PHARMACIA CORPORATION</u>
<u>NEGLIGENCE</u>

206.    With respect to the allegations set forth in paragraph 206 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

207.    The allegations set forth in paragraph 207 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 207 of the Complaint.

208.    The allegations set forth in paragraph 208 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 208 of the Complaint.

209.    The allegations set forth in paragraph 209 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 209 of the Complaint.

COUNT VIII
PLAINTIFF V. PFIZER INC., and PHARMACIA CORPORATION
BREACH OF WARRANTY

210.    With respect to the allegations set forth in paragraph 210 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

211.    The allegations set forth in paragraph 211 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 211 of the Complaint.

212.    The allegations set forth in paragraph 212 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 212 of the Complaint.

213.    The allegations set forth in paragraph 213 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 213 of the Complaint.

214.    The allegations set forth in paragraph 214 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 214 of the Complaint.

215.    The allegations set forth in paragraph 215 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 215 of the Complaint.

216.    The allegations set forth in paragraph 216 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 216 of the Complaint.

217.    The allegations set forth in paragraph 217 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 217 of the Complaint.

218.    The allegations set forth in paragraph 218 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required,

Merck denies each and every allegation set forth in paragraph 218 of the Complaint.

COUNT IX
PLAINTIFF V. PFIZER INC., and PHARMACIA CORPORATION
CONSUMER FRAUD

219.    With respect to the allegations set forth in paragraph 219 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

220.    The allegations set forth in paragraph 220 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 220 of the Complaint.

221.    The allegations set forth in paragraph 221 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 221 of the Complaint.

222.    The allegations set forth in paragraph 222 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 222 of the Complaint.

223.    The allegations set forth in paragraph 223 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required,

Merck denies each and every allegation set forth in paragraph 223 of the
Complaint.

224.    The allegations set forth in paragraph 224 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck denies each and every allegation set forth in paragraph 224 of the
Complaint.

225.    The allegations set forth in paragraph 225 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck denies each and every allegation set forth in paragraph 225 of the
Complaint.

226.    The allegations set forth in paragraph 226 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck denies each and every allegation set forth in paragraph 226 of the
Complaint.

227.    The allegations set forth in paragraph 227 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck denies each and every allegation set forth in paragraph 227 of the
Complaint.

228.    The allegations set forth in paragraph 228 of the Complaint are not directed
toward Merck and therefore no response is required.  If a response is required,
Merck denies each and every allegation set forth in paragraph 228 of the
Complaint.

229.   The allegations set forth in paragraph 229 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 229 of the Complaint.

230.   The allegations set forth in paragraph 230 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 230 of the Complaint.

231.   The allegations set forth in paragraph 231 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 231 of the Complaint.

232.   The allegations set forth in paragraph 232 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 232 of the Complaint.

233.   The allegations set forth in paragraph 233 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 233 of the Complaint.

234.   The allegations set forth in paragraph 234 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required,

Merck denies each and every allegation set forth in paragraph 234 of the Complaint.

COUNT X
PLAINTIFF V. PFIZER INC., and PHARMACIA CORPORATION
PUNITIVE DAMAGES

235.    With respect to the allegations set forth in paragraph 235 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

236.    The allegations set forth in paragraph 236 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 236 of the Complaint.

237.    The allegations set forth in paragraph 237 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 237 of the Complaint.

238.    The allegations set forth in paragraph 238 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation set forth in paragraph 238 of the Complaint.

COUNT XI
PLAINTIFF v. ALL DEFENDANTS
WRONGFUL DEATH

239.    With respect to the allegations set forth in paragraph 239 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

240.    The allegations set forth in paragraph 240 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 240 of the Complaint, except admits that plaintiff purports to seek damages, but denies there is any legal or factual basis for the relief sought.

### COUNT XII
### PLAINTIFF v. ALL DEFENDANTS
### SURVIVAL ACTION

241.    With respect to the allegations set forth in paragraph 241 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

242.    Denies each and every allegationdirected at Merck in paragraph 242 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in that paragraph.

243.    The allegations set forth in paragraph 243 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 243 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in that

paragraph, except admits plaintiff purports to seek compensatory, statutory and punitive damages, but denies there is any legal or factual basis for the relief sought.

## AFFIRMATIVE DEFENSES

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

244.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

245.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

246.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

247.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

248.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

249.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

250.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

251.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn its warnings to the prescribing physicians.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

252.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff or Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

253.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of

Merck and over whom Merck had no control and for whom Merck may not be

held accountable.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

254.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by

Plaintiff's or Plaintiff's decedent's misuse or abuse of Vioxx.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

255.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated

medical, genetic and environmental conditions, diseases, or illnesses, subsequent

medical conditions or natural courses of conditions for which this defendant is not

responsible.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

256.    To the extent that Plaintiff has settled or will in the future settle with any person

or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

257.   To the extent Plaintiff is seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such

benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

258.   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the

circumstances constituting fraud with particularity, as required by Federal Rule

Civil Procedure 9(b).

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

259.   Plaintiff' claims are barred, in whole or in part, under the applicable state law

because Vioxx was subject to and received pre-market approval by the Food and

Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

260.   Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

261.   Plaintiff's claims are barred, in whole or in part, because the product at issue was

made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

262.   There is no practical or technically feasible alternative design that would have

reduced the alleged risk without substantially impairing the reasonably anticipated

and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

263.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

264.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

265.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

266.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

267.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

268.    The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

269.  The claims of Plaintiff are barred, in whole or in part, by her failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

270.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

271.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

272.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

273.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

274.    Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

275.    Merck reserves its rights to dismiss the Complaint and seek further relief for Plaintiff' failure to provide it with due process of law.

**AS FOR A THIRTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

276.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A THIRTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

277.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A THIRTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

278.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A THIRTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

279.    Plaintiff's claim for punitive damages must fail as the Complaint fails to meet the criteria established in Wis. Stats. § 895.85.

**AS FOR A THIRTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

280.    Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

281.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges her decedent to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

282.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

283.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

284.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff or Plaintiff's decedent.

## AS FOR AN FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

285.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Wis Stats. § 895.045.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

286.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

287.   Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

288.   To the extent Plaintiff seeks to recover only economic loss in tort, their claims are barred by the economic loss doctrine.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity t enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.


Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.


WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements,

together with such and other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.


Dated this 29th day of June, 2007.

OTJEN, VAN ERT & WEIR, S.C.


By _____s/Michael L. Johnson_____
            Todd M. Weir, #1010442
            Michael L. Johnson #1056247
            First Financial Centre
            700 North Water Street
            Suite 800
            Milwaukee, Wisconsin  53202-4206
            Phone No.:  (414) 271-7271


            Of Counsel:

            HUGHES HUBBARD & REED LLP
            Theodore V. H. Mayer (TM 9748)
            Vilia B. Hayes (VH 4601)
            Charles W. Cohen (CC 2216)
            One Battery Park Plaza
            New York, New York 10004-1482
            (212) 837-6000

            *Attorneys for Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I, Michael L. Johnson, hereby certify that on June 29, 2007, a copy of the foregoing *Answer and Jury Demand of Defendant Merck & Co., Inc.* was filed electronically pursuant to ECF.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Parties receiving this service electronically are as follows:

Willard P. Techmeier – wtechmeier@techmeier.com
James T. Murray, Jr. – jmurray@pjmlaw.com
C Paul Snyder – psnyder@pjmlaw.com

/s/  MICHAEL L. JOHNSON

Michael L. Johnson, #1056247
Otjen, Van Ert & Weir, S.C.
700 North Water Street
Suite 800
Milwaukee, WI 53202
Telephone:  (414) 223-2425
Facsimile:  (414) 271-7272
mjohnson@otjen.com
*Attorney for Defendant,*
*Merck & Co., Inc.*
